UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CLEVELAND WINSTON KILGORE, JR,

    Plaintiff,

v.                                                  Case No. 5:10-cv-39-Oc-23GRJ

FCC COLEMAN LOW, et al.,

    Defendants.
_____/

## **ORDER OF DISMISSAL**

Kilgore, a federal prisoner at the Coleman Federal Correctional Complex, files an action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics[1] (Doc. 1),[2] a "Motion for Leave to Request Temporary Restraining Order" (Doc. 2), a "Motion for Leave to Supplement Pleadings" and for a hearing (Doc. 4), and a motion to proceed in forma pauperis (Doc. 5).

Kilgore contends that the defendants hinder his ability to litigate by, among other things, intimidating him in an attempt to prevent his use of the legal studies room between 8:00 a.m. and 10:00 a.m. and preventing the timely delivery of his legal mail. Kilgore seeks damages in the amount of $150,000,000.00.

Kilgore seeks an order "[r]estrain[ing] any removal of petitioner from jurisdiction; restrain all hindering and delaying legal mail; restrain all threats or sanctions; restrain all extortions and request for money; restrain all hindrance of accessing type writters [sic], computers stamps, and presentence report documents . . . ."

---

[1] 403 U.S. 388 (1971) (authorizing civil rights suits against individual federal officials).

[2] Kilgore did not utilize the court's prisoner civil rights form, which, when properly completed, provides information necessary to the screening of prisoner cases.

The issuance of a preliminary injunction requires the moving party to demonstrate:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.[3]

Furthermore, "[b]ecause a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and Plaintiff must clearly carry the burden of persuasion."[4] In addition, a plaintiff must comply with Rules 4.05 and 4.06, Local Rules of the Middle District of Florida, and Rule 65, Federal Rules of Civil Procedure, which pertain to the issuance of injunctions.

Kilgore has not complied with the applicable rules, including, but not limited to Kilgore's failure to allege any fact evidencing irreparable injury in the absence of an injunction. Kilgore's "Motion for Leave to Request Temporary Restraining Order" (Doc. 2) is **DENIED**.

Even though a court must liberally construe a pro se plaintiff's allegations,[5] the court may dismiss a case at any time if it determines that the allegation of poverty is

---

[3] Four Seasons Hotels and Resorts, B.V., v. Consorcio Barr, 320 F.3d 1205, 1210 (11th Cir. 2003) (citations omitted).

[4] United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983) (*quoting* State of Texas v. Seatrain International, S.A., 518 F.2d 175, 179 (5th Cir. 1975)); see also McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (a preliminary injunction shall not be granted unless the movant clearly establishes the burden of persuasion).

[5] Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

untrue,[6] or that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted, or that the action seeks monetary relief against a defendant who is immune from such relief.[7] 28 U.S.C. § 1915.

The PLRA imposes a limitation on recovery in prisoner cases. Pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Kilgore alleges no physical injury stemming from the incident underlying his complaint. Thus, to the extent that Kilgore contends he suffered mental or emotional injury due to the defendants' alleged actions, his damages claim is barred while he remains incarcerated.[8] Although "nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages," Kilgore does not seek "nominal" damages.[9]

Further, Kilgore does not demonstrate exhaustion of administrative remedies. Kilgore is required to exhaust his administrative remedies before filing suit regardless of the relief offered through the administrative procedures.[10] The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they

---

[6] 28 U.S.C. § 1915(e)(2)(A).

[7] See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[8] Harris v. Garner, 216 F.3d 970, 979-80 (11th Cir. 2000) (§ 1997e(e) does not bar a claim for mental and emotional injury suffered while confined after the prisoner is released from custody).

[9] Hughes v. Lott, 350 F. 3d 1157, 1162 (11th Cir. 2003).

[10] Alexander v. Hawk, 159 F.3d 1321, 1324-25 (11th Cir. 1998).

involve general circumstances or particular episodes"[11] and a court does "not review the effectiveness of those remedies, but rather, whether remedies were available and exhausted." Although the section 1997e exhaustion requirement is an affirmative defense, when "an affirmative defense appears on the face of a prisoner's complaint, thereby revealing that the prisoner cannot state a claim, the PLRA continues to require a district court to dismiss the complaint." Okpala v. Drew, 2007 WL 2407040 (11th Cir. Aug. 24, 2007) (unpublished) (citing Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 920-21 (2007)).

Accordingly, the complaint is **DISMISSED WITHOUT PREJUDICE**, the motion to supplement (Doc. 4) is **GRANTED**, and the motion for a hearing (Doc. 4) and motion to proceed in forma pauperis (Doc. 5) are **DENIED AS MOOT.** The Clerk shall enter judgment in favor of the defendants and against Kilgore, terminate any pending motion, and close the case.

ORDERED in Tampa, Florida, on March 18, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

xc: Cleveland Winston Kilgore, Jr.

---

[11] Porter v. Nussle, 122 S. Ct. 983, 992 (2002).